FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 15 2018

JAMES W. McCORMACK, CLERK
By: _____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN LAMB, individually and on
behalf of all others similarly situated                    PLAINTIFF

vs.                     Case No. 4:18-cv-327- JM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                            DEFENDANT

---

**COMPLAINT – COLLECTIVE ACTION AND CLASS ACTION**

---

Plaintiff John Lamb ("Plaintiff") for his Collective Action and Class Action Complaint ("Complaint") against the Pulaski County Special School District (hereinafter referred to as the "PCSSD" and/or "Defendant") does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.    This is a collective action and class action brought by Plaintiff, individually and on behalf of all others similarly situated, against the PCSSD for (1) violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"); (2) violations of the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* (the "AMWA"); and (3) breach of contract for failure to pay contract wages for hours exceeding six (6) hours per day.

This case assigned to District Judge Moody
and to Magistrate Judge Ray

1

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee, as a result of the PCSSD's policy and practice of failing to pay Plaintiff and other similarly situated Bus Drivers proper overtime compensation under the FLSA and under the AMWA and for failing to pay contract wages for hours exceeding six (6) hours per day.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations and breach of contract claims, which arise out of the same contract and same set of operative facts as the federal cause of action herein alleged and this Court has pendent jurisdiction over Plaintiff's AMWA claim and breach of contract claim pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed against Plaintiff and other similarly situated Bus Drivers, within the Western Division of the Eastern District of Arkansas, therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. PARTIES

6. Plaintiff John Lamb ("Plaintiff") is an individual and resident of Little Rock, Arkansas. Plaintiff is a bus driver under contract with the PCSSD.

7. Defendant Pulaski County Special School District is a public-school district formed under the laws of the State of Arkansas, located in Pulaski County, Arkansas. PCSSD has entered into contracts with Bus Drivers to provide transportation services for school children within Pulaski County, Arkansas.

8. PCSSD can be served with service of process upon its Interim Superintendent of Schools, Dr. Janice Warren.

### IV. FACTUAL ALLEGATIONS

9. At all relevant times, PCSSD contracted with and employed approximately 400 employees with a primary responsibility of "Bus Driver," "Permanent Substitute Bus Drivers" and/or "Substitute Bus Driver" (Plaintiff and other similarly situated individuals collectively "Bus Drivers").

10. The PCSSD entered into form contracts with Plaintiff and all similarly situated Bus Drivers that provided for compensation to Bus Drivers at a specified hourly rate. A copy of the form contract for Bus Drivers is attached hereto as Exhibit "1."

11. Pursuant to the contract with the PCSSD, Plaintiff and similarly situated Bus Drivers were paid an agreed upon hourly wage for performing their primary duties as Bus Drivers. The PCSSD controlled the Bus Drivers' work schedule, duties and responsibilities, assignments and employment conditions and has maintained employment records for all Bus Drivers during their time of employment.

12. Plaintiff and similarly situated Bus Drivers regularly performed their duties for more than forty (40) hours per week and regularly worked more than six (6) hours per day.

13. Plaintiff and similarly situated Bus Drivers were not paid a lawful overtime premium for all hours that the Bus Drivers worked over forty hours per week in any work week. For example, Plaintiff John Lamb worked 2.5 hours of overtime during the pay period ending March 16, 2018. His regular hourly rate was $21.60. He received $45.98 for his 2.5 hours of overtime, resulting in an overtime pay of $18.39 per hour. See, Pay Stub attached as Exhibit "2." The overtime pay paid by the PCSSD was less than the contractual rate provided for in the Plaintiff's contract and less than the statutorily required overtime rate.

14. Plaintiff and similarly situated Bus Drivers were not paid their contractually agreed hourly rate for hours worked in excess of six (6) hours per day. For all hours worked in excess of six (6) hours per day, the Bus Drivers were paid

4

less than their contractually agreed upon hourly rate. For example, during the pay period ending March 16, 2018, Plaintiff John Lamb worked a total of 16.25 hours in excess of six (6) hours per day. He was paid $146.25 for the 16.25 hours he worked in excess of six (6) hours per day, resulting in an hourly rate of $9 per hour. See, Pay Stub attached hereto as Exhibit "2."

15. PCSSD is a covered employer under the FLSA.

16. PCSSD is a covered employer under the AMWA.

17. Plaintiff and similarly situated Bus Drivers are covered employees under the FLSA.

18. Plaintiff and similarly situated Bus Drivers are covered employees under the AMWA.

19. The PCSSD knew or should have known of its obligation to pay Plaintiff and other similarly situated Bus Drivers one and one-half times their regular rate for all hours worked over forty hours per week.

20. The PCSSD violated the provisions of the FLSA and the AMWA by failing to pay Plaintiff and similarly situated Bus Drivers one and one-half times the Bus Drivers' regular hourly rate for all hours worked in excess of forty (40) hours per week.

21. The PCSSD knew or should have known of its obligation to pay Plaintiff and similarly situated Bus Drivers their full contractual hourly wage for all hours worked, including hours worked in excess of six (6) hours per day.

22. The PCSSD violated the terms and provisions of its contract with Plaintiff and similarly situated Bus Drivers by failing to pay Plaintiff and similarly situated Bus Drivers their contractual hourly rate for hours worked in excess of six (6) hours per day.

## V. COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

### A. FLSA § 216(b) Collective Action Class

23. Plaintiff re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

24. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by the PCSSD as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   i. Overtime payments for all hours worked for PCSSD in excess of forty (40) hours per week;

   ii. Contractually agreed upon hourly rate wages for all hours worked in excess of six (6) hours per day;

   iii. Liquidated damages;

6

    iv.    Pre-judgment interest; and

    v.    Costs of this action, including attorney's fees.

25. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> Each and every individual who entered into a contract with the PCSSD to perform as a Bus Driver for the PCSSD at any time after three years preceding the filing of this Complaint.

26. The proposed FLSA class members are similarly situated in that they share these identical traits:

    i.    They entered into similar form contracts with the PCSSD providing for agreed upon hourly wages;

    ii.    They performed the same or similar job duties and responsibilities as Bus Drivers for the PCSSD; and

    iii.    They were subject to Defendant's common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week.

27. This action should be designated as a collective action on behalf of the FLSA Collective Action Members and prompt issuance of notice should be given pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's proposed Consent to Join form is attached as Exhibit "3."

28. Those similarly situated employees are known to the PCSSD, are readily identifiable, and can be located through the PCSSD's records. Notice of this lawsuit and the opportunity to join this lawsuit can be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b) by direct mail.

29. Plaintiff should be designated as the Representative of the FLSA Collection Action Members.

### B. Rule 23 Class Action

30. Plaintiff re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

31. Plaintiff, individually and on behalf of all others similarly situated who were employed by the PCSSD as Bus Drivers within Pulaski County, Arkansas, brings this claim for relief for breach of contract and violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. Plaintiff proposes to represent a class of individuals defined as follows:

> Each and every individual who entered into a contract with the PCSSD to perform as a Bus Driver for the PCSSD at any time after five years preceding the filing of this Complaint.

33. Upon information and belief, there are approximately four hundred (400) persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

34. Common questions of law and fact relate to all of the class members, including:

  i. Whether the PCSSD paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week;

  ii. Whether the PCSSD's failure to properly pay overtime-rate wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA;

  iii. Whether the PCSSD paid the members of the proposed class the contractual hourly wage for hours worked in excess of six (6) hours per day; and

  iv. Whether the PCSSD breached its form contract with the Bus Drivers by failing to pay the contractual hourly rate for hours worked in excess of six (6) hours per day.

35. These common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

36. The class members have no interest in individually controlling the prosecution of separate actions.

37. Neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

38. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

39. The claims of Plaintiff are typical of the claims of the proposed class.

40. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

41. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases.

42. Class Members are readily identifiable and direct notice can be given to the class members.

## COUNT I
## FLSA OVERTIME VIOLATIONS

43. Plaintiff re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

44. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) hours per week. 29 U.S.C. § 207 (2013).

45. The PCSSD failed to pay Plaintiff and similarly situated Bus Drivers at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

46. The PCSSD knew or should have known of its obligation to pay Plaintiff and similarly situated Bus Drivers at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

47.     By reason of these unlawful acts, the PCSSD is liable to Plaintiff and similarly situated Bus Drivers for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

## COUNT II
## AMWA OVERTIME VIOLATIONS

48.     Plaintiff re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

49.     Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) hours per week.

50.     The PCSSD failed to pay Plaintiff and similarly situated Bus Drivers at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

51.     The PCSSD knew or should have known of its obligation to pay Plaintiff and similarly situated Bus Drivers at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

52.     By reason of these unlawful acts, the PCSSD is liable to Plaintiff and similarly situated Bus Drivers for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the AMWA.

## COUNT III
## BREACH OF CONTRACT

53. Plaintiff re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

54. Plaintiff and similarly situated Bus Drivers entered into form contacts with the PCSSD to provide transportation services for school children within Pulaski County, Arkansas. A copy of the form contract is attached as Exhibit "1."

55. Plaintiff and similarly situated Bus Drivers performed all of their contractual obligations under the contract.

56. The PCSSD breached the terms of the contract by (1) failing to pay Plaintiff and similarly situated Bus Drivers one and one-half times the Bus Drivers' regular hourly rate for all hours worked in excess of forty (40) hours per week; and (2) failing to pay Plaintiff and similarly situated Bus Drivers the full contract wages for hours worked exceeding six (6) hours per day.

57. Plaintiff and similarly situated Bus Drivers are entitled to damages for breach of contract, including unpaid overtime wages for all hours worked in excess of forty (40) hours per week and contract wages for all hours worked in excess of six (6) hours per day, pre-judgment interest, costs and a reasonable attorney's fee.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Lamb respectfully prays for judgment and damages as follows:

- A. For an Order certifying a Collective Action Class pursuant to the FLSA, with all necessary notices to Class Members;

- B. For an Order certifying that the breach of contract claim and AMWA claim may be maintained as a Rule 23 class action, appointing Plaintiff and his counsel to represent the Class, and directing that reasonable notice of this action be given by Defendant to Class Members;

- C. An Order of this Court finding the PCSSD's practices alleged herein violate the FLSA, the AMWA and the contract between the PCSSD and the Bus Drivers;

- D. Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA and the contract between the parties;

- E. Judgment for damages for all unpaid contractual wages for all hours worked in excess of six (6) hours per day;

- F. Judgment for liquidated damages and penalties pursuant to the FLSA and the AMWA;

- G. Judgment for pre-judgment interest, a reasonable attorney's fee and all costs connected with this action; and

- H. Such other and further relief as this Court may deem necessary, just and proper.

Dated this 15th day of May, 2018.

                              Respectfully Submitted,

*/s/ Lucas Rowan*

Lucas Rowan (#08191)
Jud Kidd (#75071)
**Dodds, Kidd, Ryan & Rowan**
313 West Second Street
Little Rock, AR 72201
Phone: (501) 386-9508
Fax: (501) 376-0387
*lrowan@dkrfirm.com*
*judkidd@dkrfirm.com*

*/s/ Thomas P. Thrash*

Thomas P. Thrash (#80147)
Marcus N. Bozeman (#95287)
**Thrash Law Firm, P.A.**
1101 Garland Street
Little Rock, AR 72201
Phone: (501) 374-1058
Fax: (501) 374-2222
*tomthrash@thrashlawfirmpa.com*
*mbozeman@thrashlawfirmpa.com*

14

# EXHIBIT 1

# PULASKI COUNTY SPECIAL SCHOOL DISTRICT
## SUPPORT STAFF CONTRACT



EMP: **10001277**

SCHOOL: **71**

STATE OF ARKANSAS

COUNTY OF PULASKI

2017 - 2018   **P  1  HR1   Range: 12   Step: 13**

PARTIES: The Pulaski County Special School District, (the employer), agrees to employ **JOHN LAMB** (the employee) on the terms and conditions set forth below:

SERVICES: The employee agrees to perform the following services:
(1) Primary responsibility   -   **BUS DRIVER**
(2) Related responsibilities -   All Duties attendant to the employee's primary responsibility.
The employer may assign or transfer the employee to a similar position at any location within the Pulaski County Special School District.

TIME : The time period covered by this contract is 2017 – 2018 school year for **178** days beginning on **08/14/2017**.

COMPENSATION:
| | |
|---|---|
| Hourly Rate | **$21.60** |
| Estimated Hours Per Day | **6** |
| Projected Annual Salary | **$23,068.80** |

AVAILABLE REVENUE: Should the Commissioner determine that it is necessary because of lack of available revenue and in the interest of sound fiscal policy to reduce support staff personnel or to close school, the time period covered by this contract shall be the actual number of days worked.

DISTRICT POLICIES: The conduct of employee shall be in accord with the administrative policies of the employer.

REFUND OF UNEARNED SALARY: The employee agrees to refund to the school district any salary received for work not done. The employee further agrees to refund the school district any salary paid in error and not authorized by district policies.

LAST PAYMENT: If terminated by either party on a date which is not a regular salary paying date, the employer will, on the next regular paying date, pay the salary which accrued up to the date of termination less any amount to which the employee is indebted to the employer.

OTHER CONDITIONS: 1. The Superintendent may transfer and assign the employee to a similar position in another location within the district. 2. This contract must be signed and returned to the Human Resources Department within thirty (30) days from the contract date.

Given on this day, Aug 29, 2017
Party of the second part

Party of the first part

*Dr. Linda Remele*     *Alice Kelly*
President                    Secretary

..................................................
**P.O. BOX 193653**
**LITTLE ROCK AR 72219**

# EXHIBIT 2

| PULASKI COUNTY SPECIAL SCHOOL DISTRICT LITTLE ROCK, AR 72216 | | | | | PAY PERIOD ENDING 03/16/2018 | | CHECK DATE 03/30/2018 | | CHECK NUMBER 2081652 | |
|---|---|---|---|---|---|---|---|---|---|---|
| EMPLOYEE NAME | | | SSN | DEPARTMENT | YTD GROSS | | YTD TAXABLE | | NET PAY | |
| JOHN LAMB | | | | 071 | $8,114.26 | | $7,735.84 | | $1,210.57 | |
| PAY TYPE | TIME | AMOUNT | DEDUCTIONS | CURRENT | YTD | BOARD CONTR | LEAVE TYPE | | BALANCE | TAKEN |
| OVERTIME | 2.50 | 45.98 | FICA | 96.29 | 479.62 | 96.29 | SICK LEAVE | | 263.75 | 8.75 |
| BUS DRIVER | 63.00 | 1,360.80 | MEDICARE | 22.52 | 112.18 | 22.52 | PERSONAL | | 12.00 | .00 |
| OVER 6 HRS | 16.25 | 146.25 | FED TAX | 142.83 | 634.91 | .00 | UNCHARGED | | .00 | .00 |
| | | | STATE TAX | 64.15 | 265.11 | .00 | | | | |
| | | | RTIRED CLS | .00 | .00 | 217.42 | | | | |
| | | | PASS DUES | 16.67 | 115.69 | .00 | | | | |
| TOTAL | 81.75 | $1,553.03 | TOTAL | $342.46 | $1,607.51 | $336.23 | TOTAL | | | |



PULASKI COUNTY SPECIAL SCHOOL DISTRICT
P.O. BOX 8601
LITTLE ROCK, AR 72216

| DEPOSIT NUMBER | 2081652 |
|---|---|
| DEPOSIT DATE | 03/30/2018 |
| DEPOSIT AMOUNT | $1,210.57 |

DEPOSIT
IN THE
ACCOUNT
OF

071
JOHN LAMB
P.O. BOX 193653
LITTLE ROCK AR 72219

## DIRECT DEPOSIT NOTIFICATION     NON-NEGOTIABLE



DD



PULASKI COUNTY SPECIAL SCHOOL DISTRICT
P.O. BOX 8601
LITTLE ROCK, AR 72216

071
JOHN LAMB
P.O. BOX 193653
LITTLE ROCK AR 72219

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN LAMB, individually and on
behalf of all others similarly situated                    **PLAINTIFF**

vs.                     Case No. _____

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                            **DEFENDANT**

**CONSENT TO JOIN ACTION AND AUTHORIZATION TO REPRESENT**

I, _____, am or have been, within the last three (3) years, a Bus Driver under contract with the Pulaski County Special School District.

I consent to be a party plaintiff in the above action seeking damages for unpaid wages under the Fair Labor Standards Act, and authorize **Dodd, Kidd, Ryan & Rowan and the Thrash Law Firm, P.A.**, of Little Rock, Arkansas, to act on my behalf in all matters relating to this action, including adjudicating or settling my claims for overtime compensation and any other benefits including liquidated damages available under the Fair Labor Standards Act. I agree and understand that said attorneys shall file this Consent with the Court in support of my claims.

_____     _____
Signature                                                              Date

_____
Printed Name (Please Print Clearly)

Address:     _____

_____

Phone Number:     _____

1