IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN LAMB, individually and on behalf
of all others similarly situated                                                                PLAINTIFF

vs.                                    Case No. 4:18-cv-00327-JM

PULASKI COUNTY SPECIAL SCHOOL DISTRICT                              DEFENDANT

## ANSWER

Defendant, Pulaski County Special School District ("PCSSD" or "District"), by its attorneys, Bequette, Billingsley & Kees, P.A., for its Answer to the Collective Action and Class Action Complaint ("Complaint"), alleges and states:

1. PCSSD denies the allegations set forth in ¶¶ 1 and 2 of Plaintiff's Complaint.

2. As to ¶ 3 of Plaintiff's Complaint, PCSSD admits this Court has jurisdiction over this matter, but denies that it is in any way liable to Plaintiff.

3. As to ¶ 4 of Plaintiff's Complaint, PCSSD does not deny this Court has jurisdiction over this matter, but denies that it is liable to Plaintiff under any federal statute, and therefore denies the Court would have pendent jurisdiction over any claims under the Arkansas Minimum Wage Act, which PCSSD also denies any liability as to Plaintiff.

4. PCSSD admits venue is proper before this Court, but denies the remaining allegations contained in ¶ 5 of Plaintiff's Complaint.

5. PCSSD admits the allegations contained in ¶¶ 6, 7 and 8 of Plaintiff's Complaint.

6. PCSSD admits it employs "Bus Drivers" as alleged in ¶¶ 9 and 10 of Plaintiff's Complaint, but denies the specific number as it fluctuates. PCSSD is not aware of the other "Bus Drivers" as alleged and denies all allegations as to them. PCSSD admits that Exhibit 1 purports to be a contract between PCSSD and Plaintiff, which speaks for itself.

7. PCSSD admits the allegations set forth in ¶ 11 of Plaintiff's Complaint, as to Plaintiff only.

8. PCSSD denies the allegations set forth in ¶¶ 12, 13 and 14 of Plaintiff's Complaint.

9. PCSSD admits it is a covered employer as the term is defined under the FLSA and AMWA, as alleged in ¶¶ 15 and 16 of Plaintiff's Complaint.

10. As to ¶ 17 of Plaintiff's Complaint, PCSSD admits Plaintiff is a covered employee under FLSA, but cannot speak to all similarly situated Bus Drivers, and therefore denies the same.

11. As to ¶ 18 of Plaintiff's Complaint, PCSSD admits Plaintiff is a covered employee under AWMA, but cannot speak to all similarly situated Bus Drivers, and therefore denies the same.

12. PCSSD denies the allegations set forth in ¶¶ 19, 20, 21 and 22 of Plaintiff's Complaint.

13. PCSSD incorporates and realleges its answers to paragraphs 1-22 of Plaintiff's Complaint, word for word herein.

14. PCSSD denies the allegations in ¶ 24 of Plaintiff's Complaint, including subsections I-V, and further denies that it is in any way liable to Plaintiff.

15. PCSSD denies the allegations set forth in ¶¶ 25, 26, 27, 28 and 29 of Plaintiff's Complaint.

16. PCSSD incorporates and realleges its answers to paragraphs 1-29 of Plaintiff's Complaint, word for word herein.

17. PCSSD denies the allegations set forth in ¶¶ 31, 32 and 33 of Plaintiff's Complaint.

18. PCSSD denies the allegations set forth in ¶ 34 of Plaintiff's Complaint, including subparts i-iv.

19. PCSSD denies the allegations set forth in ¶¶ 35, 36, 37, 38, 39 and 40 of Plaintiff's Complaint.

20. While PCSSD does not deny the competence of Plaintiff's counsel, it denies this Complaint should be certified as a class action.

21. PCSSD denies the allegations set forth in ¶ 42 of Plaintiff's Complaint.

22. PCSSD incorporates and realleges its answers to paragraphs 1-42 of Plaintiff's Complaint, word for word herein.

23. The laws referenced in ¶ 44 of Plaintiff's Complaint speaks for itself. PCSSD denies that it is in any way liable to Plaintiff.

24. PCSSD denies the allegations set forth in ¶¶ 45, 46 and 47 of Plaintiff's Complaint.

25. PCSSD incorporates and realleges its answers to paragraphs 1-47 of Plaintiff's Complaint, word for word herein.

26. Ark. Code Ann. § 11-4-211 speaks for itself. PCSSD denies that it is in any way liable to Plaintiff under this statute.

27. PCSSD denies the allegations set forth in ¶¶ 50, 51 and 52 of Plaintiff's Complaint.

28. PCSSD incorporates and realleges its answer to paragraphs 1-52 of Plaintiff's Complaint.

29. PCSSD admits Plaintiff was contracted under a contract which is attached as Exhibit 1, but cannot speak for other similarly situated Bus Drivers, and therefore denies the same.

30. PCSSD denies the allegations set forth in ¶¶ 55, 56 and 57 of Plaintiff's Complaint.

31. PCSSD denies all averments, allegations and prayers for relief in the WHEREFORE clause of Plaintiff's Complaint, including subsections A through H.

## JURY DEMAND

32. PCSSD demands trial by jury of all issues triable by a jury.

## AFFIRMATIVE DEFENSES

33.     PCSSD affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

34.     PCSSD further affirmatively states that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

35.     PCSSD invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

36.     At all times, PCSSD acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA and AMWA.

37.     PCSSD did not know or show reckless disregard for whether their conduct was prohibited by the FLSA and AMWA.

38.     PCSSD affirmatively states that this action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA and AMWA.

39.     In the alternative, PCSSD is entitled to offset monies or other consideration paid or provided to Plaintiff by PCSSD for periods in which Plaintiff was not engaged to work.

40.     PCSSD further affirmatively states that Plaintiff's action is barred because he seeks to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

41.     To the extent Plaintiff seeks damages not recoverable under the FLSA or AMWA, Plaintiff is barred from such recovery.

42.     Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that set forth by the overtime provisions of the FLSA.

43. Without assuming the burden of proof, PCSSD complied with all record-keeping requirements of the FLSA and AMWA.

44. PCSSD affirmatively states that Plaintiff's claims are estopped by the submission of his own time records, for which PCSSD compensated him for all overtime worked and claimed.

45. Without assuming the burden of proof, Plaintiff and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

46. PCSSD affirmatively states that Plaintiff has failed to mitigate his alleged damages.

47. PCSSD affirmatively states that Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

48. PCSSD affirmatively states that some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

49. PCSSD affirmatively states that Plaintiff has failed to exhaust administrative remedies.

50. PCSSD affirmatively states that its actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

51. PCSSD reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

52. PCSSD affirmatively states that all actions taken by it with respect to Plaintiff were supported by legitimate business reasons.

WHEREFORE, Defendant, Pulaski County Special School District, prays that Plaintiff's Complaint be dismissed and that Plaintiff take nothing thereby; for PCSSD's attorneys' fees and costs incurred herein; and for all other appropriate relief to which PCSSD may be entitled.

Respectfully submitted,

**/s/ Jay Bequette,** Bar Number 87012
**/s/ W. Cody Kees**, Bar Number 2012118
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Lucas Rowan (lrowan@dkrfirm.com)
Jud Kidd (judkidd@dkrfirm.com)
Dodds, Kidd, Ryan & Rowan
313 West Second Street
Little Rock, AR 72201

Thomas P. Thrash (tomthrash@thrashlawfirmpa.com)
Marcus N. Bozeman (mboseman@thrashlawfirmpa.com)
Thrash Law Firm
1101 Garland Street
Little Rock, AR 72201

        **/s/ W. Cody Kees**

Z:\Pcssd\Lamb\Answer.wpd