IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN LAMB, individually and on behalf
of all others similarly situated                                                                        PLAINTIFF

v.                              Case No. 4:18-cv-00327-LPR

PULASKI COUNTY SPECIAL SCHOOL DISTRICT                                     DEFENDANT

### ORDER

Before the Court is Plaintiff's John Lamb's Uncontested Motion for Preliminary Approval of Class Settlement and Notice to the Settlement Class. The Court finds the Motion ripe for consideration, and upon consideration hereby grants the Motion.

1. The Court certifies the following group as a collective action for settlement purposes and as a settlement class:

> Each and every individual who entered into a contract with the PCSSD to be a Bus Driver, Permanent Substitute Bus Drivers and/or Substitute Bus Driver from May 15, 2013 to February 25, 2019.

2. As the Court held at conditional certification, the individuals are similarly situated with the same job responsibilities and signed identical contracts that were subject to the same interpretation and application by the PCSSD. (ECF No. 17).

3. The settlement class also qualifies as a class under Federal Rule of Civil Procedure 23. The core claim involves the terms, interpretation and application of PCSSD's form contracts with its bus drivers. (ECF No. 19). The named plaintiff will adequately represent the class. *Id.*

4. The Court appoints as settlement counsel Tom Trash and Will Crowder of THRASH LAW FIRM, P.A., and Judson Kidd and Lucas Rowan of DODDS, KIDD & RYAN and finds they are able and experienced to represent the class.

5. The Court tentatively concludes that the proposed settlement of the collective action and the class action is fair and reasonable. In due course, the Court is likely to give its final approval. FED. R. CIV. P. 23(e); *Wineland v. Casey's General Stores, Inc*., 267 F.R.D. 669, 675-77 (S.D. Iowa 2009)(FLSA group and Rule 23 class). The settlement shows a good-faith compromise between the parties about the interpretation and application of the PCSSD's Bus Driver, Permanent Substitute Bus Drivers and Substitute Bus Drivers contracts.

6. The Court approves Plaintiff's proposed notice, and finds (1) it is the best notice that is practicable under the circumstances, (2) it includes individual notice to all members who can be identified through reasonable effort, and (3) it is written in plain, easily understood language.

7. The Court will revisit its assessments at the final fairness hearing. The Court schedules the final fairness hearing for Friday, December 4, 2020 at 2:00 p.m., in courtroom 2A at the Richard Sheppard Arnold United States Courthouse, 600 West Capitol Ave., Little Rock.

8. The Court imposes the following deadlines:

| Event | Deadline |
| --- | --- |
| Deadline for sending by U.S. Mail Written Class Notice. | 14 days following the Entry of Preliminary Approval Order. |
| Deadline for Opting out or Objections to Settlement. | 45 days after mailing of Settlement Notice. |
| Notice to appropriate federal and state officials, under 28 U.S.C. § 1715(b). | 10 days from the Plaintiff's Filing of Uncontested Motion for Preliminary Approval of Class Settlement and Notice to the Settlement Class. |
| Deadline for publishing notice. | 45 days after the entry of this Order. |

IT IS SO ORDERED, this 8th day of September, 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE