# Exhibit No. 2 –
# Redlined Amended Class Action and Collective Action Settlement Agreement and Release

*Lamb v. Pulaski County Special School District*
U.S. District Court, Eastern District of Arkansas, Western Division

Case No. 4:18-cv-00327
**SUPPLEMENT TO MOTION FOR FINAL APPROVAL AND FINAL FAIRNESS HEARING**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JOHN LAMB, individually and on behalf**            **PLAINTIFF**
**of all others similarly situated**

v.            Case No. 4:18-cv-00327

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**            **DEFENDANT**

### AMENDED CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff John Lamb ("Plaintiff") as an individual and on behalf of all others similarly situated and Defendant Pulaski County Special School District ("Defendant" or "PCSSD") make this Amended Class Action and Collective Action Settlement and Release ("Agreement," "Settlement," or "Settlement Agreement"). Defendant and Plaintiff are collectively referred to in this Agreement as the "Parties." This Agreement is subject to the approval of the Court and intended to fully, finally and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

### RECITALS

1. This Action was filed on May 15, 2018 in the Eastern District of Arkansas, the "Complaint" (ECF No. 1).

2. The Complaint alleged the PCSSD did not properly pay its bus drivers for overtime and hourly work. The Complaint alleged the PCSSD's actions violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et *seq.* ("AMWA"), and breached their bus drivers' "support staff contracts."

3. The PCSSD Answered on June 20, 2018 and denied liability. (ECF No. 6).

4. On January 14, 2019, Plaintiff filed: (i) a Motion for Conditional Certification (ECF No. 10), (ii) a Motion for Class Certification (ECF No. 12), and (iii) a Motion to Approve a Class Notice Plan (ECF No. 14).

5. The Court granted the Motions on February 27, 2019 (ECF Nos. 17—19). The Court conditionally certified an FLSA class of individuals who entered into a contract with the PCSSD to be a "Bus Drivers, Permanent Substitute Bus Drivers and/or Substitute Bus Drivers" from May 15, 2015 forward.

6. The Court also certified under Rule 23 of the Federal Rules of Civil Procedure a class of the same people from May 15, 2013 to February 25, 2019. Plaintiff provided Notices to the Class. One Hundred Ninety-Two persons filed consents to join.

7. On July 28, 2020, the Parties executed a settlement agreement, subject to this Court's approval.

8. On August 14, 2020, the Parties moved for approval of the settlement agreement.

9. On September 8, 2020, the Court granted preliminary approval to our proposed settlement.

10. Class Counsel mailed the Court-approved, long-form notice to the Class on September 20, 2020. Class Counsel caused the Court-approved, publication notice to be published in the Arkansas Democrat-Gazette's print and online editions on Sunday, September 27, 2020.

11. Following notice, twenty-one persons requested exclusion (opted-out) of the proposed settlement.

6.12. On Friday, December 4, 2020, the Court held a hearing to consider final approval of the proposed settlement.

~~7.~~ 13.    During the Actions, the Parties engaged in fact investigation and discovery, giving information and data about the claims and defenses. The Parties engaged in arm's-length negotiations and reached an agreement to settle the claims in the Action.

~~8.~~ 14.    Based on discovery, the investigation of Plaintiff's Counsel, the damages involved, the expense and time necessary to prosecute the Action through final discovery, motions practice and trial, the uncertainty of complex litigation, and the benefits received under this Agreement, Plaintiff and Plaintiff's counsel have concluded that a settlement with Defendant on the terms in this Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff. Plaintiffs and Class Counsel nonetheless recognize there are significant risks, uncertainties, and expenses in proceeding through trial, and any appeals. Plaintiff and Plaintiff's Counsel have agreed to settle with Defendant on the terms in this Agreement.

~~9.~~ 15.    Defendant denies the claims asserted in the Action and makes no admission of liability or violation of the FLSA, the AMWA or Arkansas law. It has provided information about the calculation of the wages in the "support staff contracts." Defendant nevertheless desires to settle the Action on the terms in this Agreement to avoiding the burden, expense, and uncertainty of continuing litigation, and to put to rest the controversies engendered by the Action.

16.    The Parties, through their counsel, and subject to the approval of the Court, in consideration of the promises and mutual covenants contained herein, and other good and valuable consideration, agree the Action shall be settled, released, and dismissed with prejudice, upon and subject to these terms and conditions.

~~10.~~

## DEFINITIONS

~~11.~~ 17. The "Action" means the following pending class and collective action in the Eastern District of Arkansas, Western Division, *John Lamb, individually an on behalf of all others similarly situated vs. Pulaski County Special School District*, Case No. 4:18-cv-00327.

~~12.~~ 18. "Class" refers to the Opt-in Plaintiffs and Rule 23 Class.

~~13.~~ 19. "Class Counsel" refers to Judson C. Kidd and Lucas Rowan, DODDS, KIDD & RYAN and Thomas P. Thrash and Will Crowder, THRASH LAW FIRM, P.A.

~~14.~~ 20. "Court" means the United States District Court of the Eastern District of Arkansas, or any other court taking jurisdiction of the Action for purposes of reviewing and ruling upon any motion for preliminary or final approval, overseeing any part of the settlement process, and any related matter.

~~15.~~ 21. "Effective Date" shall mean the date upon which the Court enters an order granting final approval of the Agreement.

~~16.~~ 22. The "Opt-in Plaintiffs" means those ~~192~~ 176 persons who filed consents to join in the Action and who have not requested exclusion from this Settlement.

~~17.~~ 23. "Released Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, as asserted or that might have been asserted in the Action against the Released Parties for the period of time arising from the date of employment of the Opt-in Plaintiff ~~or Rule 23 Class member~~, including claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorney's fees and costs under the FLSA, the AMWA or any other applicable state laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues) arising from the Opt-in Plaintiff's ~~or Rule 23 Class member~~

employment with Defendant up to March 1, 2020. ~~Class Members~~The Rule 23 Plaintiffs release no claim related to workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law.

~~18.~~24. "Released Parties" means Defendant and any and all of Defendant's current, former, and future ~~mayors~~presidents, officers, directors, ~~city council~~board members, secretaries~~,~~. employees, managers, members, fiduciaries, agents, legal counsel, advisors, consultants, insurers, accountants, auditors, trustees, associates, representatives, affiliates, successors, and assigns, and their respective former, current, and future or indirect controlling persons or assignees and including any director, officers, agents, partners, members, managers, or employees of any of the foregoing.

~~19.~~ The "Rule 23 Class" consists of all individuals who entered into a contract with the PCSSD to perform as a Bus Driver, Permanent Substitute Bus Driver, and/or Substitute Bus Driver at any time from May 15, 2013 to February 25, 2019, who have not requested exclusion.

## SETTLEMENT AMOUNT

~~20.~~25. In consideration of the promises and mutual covenants and releases described herein, Defendant shall pay the total gross sum of $30,000.00 (the "Settlement Amount") to resolve the Action and all Released Claims.

~~21.~~26. Class Counsel is not requesting a fee or reimbursement of expenses. All settlement proceeds will go to the Opt-In Plaintiffs. The Opt-In Plaintiffs will receive an equal share of the

Settlement Amount in the amount of $~~156.25~~170.45. The Opt-In Plaintiffs and Rule 23 Class members will receive injunctive relief as provided herein.

~~22.~~27. As further consideration for this Agreement and Settlement, Defendant shall modify its future contracts to disclose (in plain language) to each bus driver their specific pay, pay for time over 6 hours each day, how overtime blended rates are calculated. The disclosure shall be sufficient if it substantially conforms with the following language:

| Compensation: | |
|---|---|
| Hourly Rate First 6 hours per day: | $_____ |
| Hourly rate each hour over 6 hours per day: | $_____ |
| Above 40 hours per week: | **BLENDED RATE** |

**EACH HOUR OVER THE SIXTH HOUR OF EVERYDAY WORKED IS PAID AT $____ PER HOUR. ANY OVERTIME OBTAINED IN A WEEK IS PAID AT A BLENDED RATE, AS OUTLINED IN THE CLASSIFIED PERSONNEL POLICIES [*INSERT POLICY NAME AND PAGE NUMBER*]. THIS CONTRACT IS SUBJECT TO ALL POLICIES AND PROCEDURES OF PCSSD AND THE APPLICABLE SALARY SCHEDULE, WHICH IS AVAILABLE ONLINE AND IN THE OFFICES OF HUMAN RESOURCES AND TRANSPORTATION.**

~~23.~~28. Upon the Effective Date (and except as to such rights or claims as created by this Agreement), each ~~Class Member~~ Opt-In Plaintiff releases and discharges Defendant and the Released Parties from the Released Claims.

~~24.~~29. ~~As soon as practicable following the execution of this Agreement,~~ Plaintiff ~~shall has~~ move~~d~~ for entry of a preliminary approval order, which the Court granted on September 8, 2020. ~~The preliminary approval order shall include: (a) preliminary approval of the settlement in this Agreement; (b) approval of the Settlement notice sent to members of the Class by (i) personal notice sent to the addresses of the Class Members as memorialized in Defendant's files; (ii) publication to occur in the *Arkansas Democrat Gazette*, all such notice must be completed within forty-five days of the Court's entry of the preliminary~~

Page 6 of 13

~~approval order; (c) the Court's determination that the notice given under subparagraph (b) above constitutes the best notice practicable in the circumstances, and is valid, due, and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law~~.

## SETTLEMENT AMOUNT ALLOCATION

~~25.~~30. The $30,000.00 Settlement Amount will be distributed *pro rata* to the Opt-In Plaintiffs~~Class~~.

~~26.~~31. No later than seven (7) days after the Effective Date, Defendant will pay the Settlement Amount and the service award described in paragraph ¶ 36 herein, into the trust account of Class Counsel THRASH LAW FIRM, P.A.

~~27.~~32. On the Effective Date, the Plaintiff, the Opt-In ~~Plaintiffs, and the Rule 23 Class, by~~Plaintiffs, by operation of the judgment, shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each and all of the Released Parties, whether or not any Opt-In Plaintiff ~~such member of the Class~~ receives a benefit.

~~28.~~33. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiff, the Class ~~members~~Members, and Class Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, or resolution of the Released Claims.

~~29.~~34. If any checks are returned as undeliverable, Class Counsel shall update the Class Member's last known mailing address through the National Change of Address program certified by the United States Postal Service and will re-send the check to the new address.

~~30.~~35. Settlement checks that have not been cashed, deposited, or otherwise negotiated within ~~90~~ 180 days shall be null and void. Class Counsel will report the status of any uncashed funds to the Court.

~~31.~~36. The Parties agree that the terms of this Agreement represent a reasonable compromise of disputed issues, arising from a bona fide dispute over FLSA coverage and the merits of Plaintiff's FLSA and AMWA claims and alleged damages and agree to represent the same to the Court. The Parties further agree that the settlement is a fair, reasonable, and adequate resolution of Plaintiff's and the Class's claims and is in the best interests of the Plaintiff and the Class.

~~32.~~37. Administration of the Settlement shall be subject to the supervision, direction, and approval of the Court. The administration of this Settlement shall be as provided in this Agreement.

~~33.~~38. The distribution of the Settlement Amount to the Class shall occur automatically to the Opt-In Plaintiffs~~, plus members~~. Members of the Rule 23 Class will receive injunctive relief in the form of contract disclosure as provided in paragraph ¶ 22 herein, without the necessity of Class Member's submission of claims to participate in the Settlement. Only Opt-In Plaintiffs will receive the Settlement Amount.

~~34.~~39. The Effective Date of this Settlement shall be conditioned on the occurrence of the following events: (a) the Court's entry of the preliminary approval order substantially consistent with the terms of this Agreement; (b) the Court's entry of a final judgment substantially consistent with the terms of this Agreement; (c) the judgment shall have become final; (d) the PCSSD shall have paid the Settlement Amount as in this Agreement.

~~35.~~40. In the event the Settlement is not approved by the Court, is otherwise cancelled in accordance with its terms, or this Settlement is otherwise cancelled or terminated or fails to become

effective in accordance with its terms, it shall become null and void and shall have no further force and neither this Settlement, any of its provisions, or the negotiations and proceedings related thereto: (a) shall be offered, received in evidence, or otherwise used in the Action or in any other action or proceedings for any purpose including as it relates to class certification or discovery, or (b) shall prejudice the rights of any of the Parties hereto, who shall be restored their respective positions immediately prior to the execution of the Settlement.

## OTHER TERMS

~~36.~~41. Defendant will pay Plaintiff a service award of $500.00 (with no payroll tax withholdings). Plaintiff will receive a form 1099 for his portion of the service award. The Court's failure to approve Plaintiff's service award shall not render the remainder of the Agreement unenforceable.

~~37.~~42. Other than as provided in this Agreement each Party will bear their own costs and fees.

~~38.~~43. The~~No later than 10 days after the~~ Parties have properly notified the~~file a copy of this Agreement in Court, PCSSD shall serve upon the~~ appropriate federal and state official<u>s</u> ~~notice~~ of the proposed settlement under 28 U.S.C. § 1715(b). ~~The Parties agree the Action shall not be finally approved until 90 days after the appropriate federal and state official are served.~~

~~39.~~44. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including the execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to cause this Agreement and the terms set forth herein to become final and complete. As soon as practicable after execution of this

Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's approval of this Agreement and to obtain a final judgment in the ~~Lawsuit~~ Action upon completion of the terms and conditions of the Agreement as approved by the Court.

~~40.~~45.  The signatories represent that they fully may enter into this Agreement and bind the Parties to the terms of the Agreement.

~~41.~~46.  The Parties agree that the terms of this Agreement result from lengthy, intensive, arm's length negotiations between the Parties and that the Agreement shall not be construed for or against any Party from the extent to which any Party or his or its counsel participated in the drafting of this Agreement. This Agreement shall be construed under the substantive laws of Arkansas without regard to conflicts of law principles.

~~42.~~47.  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference and in no way defined, limit, extend or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

~~43.~~48.  This Agreement is enforceable in the U.S. District Court for the Eastern District of Arkansas before the Hon. Lee P. Rudofsky (or such judge as designated in his stead by the procedures of the Court), who shall retain jurisdiction to enforce this Agreement.

~~44.~~49. Unless otherwise specifically provided, all notices, demands or other communications given by the Parties to this Settlement Agreement shall be in writing and shall be addressed:

    To Plaintiff:

    Judson C. Kidd
    Judkidd@dkrfirm.com
    Lucas Rowan
    Lrowan@dkrfirm.com

DODDS, KIDD & RYAN
313 West Second Street
Little Rock, AR 72201-2481
Phone:  (501) 375-9901
Fax:      (501) 367-0387

Thomas P. Thrash
tomthrash@sbcglobal.net
Will T. Crowder
willcrowder@thrashlawfirmpa.com
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201-1214
Phone:  (501) 374-1058
Fax:      (501) 374-2222

To Defendant:

George Jay Bequette, Jr.
Jbequette@bbpalaw.com
William Cody Kees
Ckees@bbpalaw.com
BEQUETTE, BILLINGSLEY & KEYS, P.A.
Simmons Bank Building
425 Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone:  (501) 374-1107
Fax:      (501) 374-5092

45.50. This Agreement may not be changed, altered, or modified except in writing and signed by the Parties, and approved by the Court. This Agreement may not be discharged except by performance under its terms or by a writing signed by the Parties.

46.51. This Agreement constitutes the entire agreement between the Parties relating to the Settlement and transaction contemplated, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, agreed to by the Parties, are merged herein. No rights may be waived except in writing.

47. 52. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators and successors. The Parties represent, covenant, and warrant they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, actions, cause of action, or rights herein released and discharged except as set forth herein.

48. 53. Nothing in this Agreement, or the negotiations relating thereto, is intended or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney/client privilege, joint-defense privilege, or work product immunity.

49. 54. It is agreed that because the Class Members are so numerous, it is impossible or impracticable and not required to have each Class Member execute this Agreement. This Notice will advise all Class Members of the binding nature of the release and such shall have the same force as if this Agreement were executed by each Class Members.

50. 55. This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and when taken with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

**[Signatures to Follow]**

|        | JOHN LAMB                                  |
|--------|--------------------------------------------|
| Date:  | _____             |

|        | PULASKI COUNTY SPECIAL SCHOOL DISTRICT |
|--------|-----------------------------------------|
| By:    | _____          |
| Title: | _____          |
| Date:  | _____          |