IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN LAMB, individually and on behalf**            **PLAINTIFF**
**of all others similarly situated**

**v.**            **Case No. 4:18-cv-00327-LPR**

**PULASKI COUNTY**
**SPECIAL SCHOOL DISTRICT**            **DEFENDANT**

## CONSOLIDATED ORDER

By way of this Order, the Court (1) concludes that the proposed Settlement Agreement[1] is fair, reasonable, adequate, and otherwise consistent with the requirements of Eighth Circuit precedent, the FLSA statute, and Rule 23; (2) overrules the two Objections to the proposed Settlement Agreement filed on the docket; (3) excludes from the proposed Settlement Agreement and the Rule 23 class all the persons who requested to be excluded; (4) formally and finally approves the proposed Settlement Agreement; and (5) dismisses the case with prejudice.[2]

### FACTUAL FINDINGS

1. On May 15, 2018, the named Plaintiff filed a Complaint, which included FLSA, AMWA, and breach of contract claims.[3] The Complaint included both collective action and class claims.[4] The thrust of the Complaint was that the Pulaski County Special School District was not paying bus drivers the rate promised to them on the first page of their contracts.[5] Instead, for some chunk

---

[1] Ex. 3 (Amend. Class Action and Collective Action Settlement Agreement and Release) to Second Suppl. to Mot. for Final Approval and Final Fairness Hr'g (Doc. 47-1).

[2] The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

[3] Pl.'s Compl. (Doc. 1) at 10-12.

[4] *Id.* at 6-10.

[5] *Id.* at 1-2.

of driving hours, the District was paying a lower rate that was set forth in a salary schedule in the District's personnel policies.[6] This alleged failure to pay the promised rate did more than just breach a contract, according to the Complaint.[7] It also meant that bus drivers were not being properly compensated for overtime hours because the base pay rate used to calculate time-and-a-half pay was wrong.[8]

2. On January 14, 2019, the named Plaintiff moved for conditional certification of an FLSA collective of bus drivers.[9] On the same date, the named Plaintiff moved for certification of a Rule 23 class of bus drivers.[10]

3. On February 27, 2019, the Court conditionally certified an FLSA collective,[11] granted Rule 23 class certification,[12] and ordered Notice to both the collective and the class.[13] All of the Notice obligations were timely and properly performed by the Parties.[14]

4. On August 14, 2020, Plaintiffs filed an Uncontested Motion for Preliminary Approval of Class Settlement and Notice to the Settlement Class.[15] On September 8, 2020, the Court granted the Motion and authorized the proposed Notice Plan.[16] All Notice obligations were timely and

---

[6] *Id.* at 3-6, 16.

[7] *Id.* at 4-6.

[8] *Id.*

[9] Pl.'s Mot. for Conditional Certification (Doc. 10).

[10] Pl.'s Mot. for Class Certification (Doc. 12).

[11] Order Granting Conditional Certification and Directing Notice (Doc. 17).

[12] Order Granting Class Certification (Doc. 19).

[13] Order Granting Conditional Certification and Directing Notice (Doc. 17); Order Approving Class Notice (Doc. 18).

[14] *See* Pl.'s Decl. of Compliance with Ct.-Ordered Notice Plans (Doc. 26).

[15] Pl.'s Unopposed Mot. for Prelim. Approval of Class Settlement and Notice to the Settlement Class (Doc. 36).

[16] Order Granting Prelim. Approval of Class Settlement and Notice to the Settlement Class (Doc. 40).

properly performed by the Parties,[17] and met the substantive requirements set out in *Grunin v. International House of Pancakes*.[18]

5. The Court received two Objections: one from Meandy Bishop and one from Beverly Cook.[19]

6. Twenty-one people requested exclusion from the proposed Settlement and class.[20] They are Delton Adams, Kimberly Branch Burns, Beverly Cook, Purcela Daniels, Lava Davis, Kervis Dunhoo, Sr., Tequila Gilcrease, Linda Heffner, James P. Howard, Karen Hudson, Michelle Jones, Alicia Lockert, Leroy Martin, Jr., Vernon Mason, Theresa J. Mays, Katina Piggee, Jason Profit Sr., Robert Turner, Willie Williams, Richard L. Wright, and Steven A. Zimmerman.[21] These exclusion requests are in an appropriate form and appear authentic.[22]

7. On December 4, 2020 the Court held a final fairness hearing.[23] Neither Ms. Bishop nor Ms. Cook (the persons who filed written objections) showed up to the hearing.[24] Nonetheless, the Court considered their objections in full.[25] Only one other person showed up to the hearing, but he did not present an objection to the Court—despite the Court explicitly providing the opportunity for oral objections at the hearing.[26]

---

[17] Pl.'s Notice of Compliance with Ct.-Ordered Notice Plans (Doc. 42). *See also* Notice of Compliance with Settlement Agreement and Notice to Appropriate Federal and State Officials of Settlement (Doc. 39); Notice of Opt-Outs and Objs. And Mot. for Final Approval (Doc. 44).

[18] 513 F.2d 114, 120-22 (8th Cir. 1975).

[19] Obj. to Settlement by Meandy Bishop (Doc. 41); Obj. to Settlement by Beverly Cook (Doc. 43).

[20] Notice of Opt-Outs and Objs. And Mot. for Final Approval (Doc. 44) at 2.

[21] Ex. 1 (Opt-Outs) to Notice of Opt-Outs and Objs. And Mot. for Final Approval (Doc. 44-1) at 2.

[22] *See id.* at 3-23.

[23] Clerk's Mins. for Final Fairness Hr'g.

[24] *See* Dec. 4, 2020 Hr'g Tr. at 25.

[25] *Id.* at 25-27.

[26] *Id.* at 4-5.

8. At the hearing, counsel explained that this case was settled "at arm's length after the Court had granted conditional and class certification [and] after the parties exchanged written interrogatories, requests for production and the defendant has produced over 4,457 pages of payroll documents."[27] The Court learned that the settlement in principal occurred as the Parties "were preparing for depositions."[28] Counsel detailed the negotiations that took place for the Court.[29] Based on the description provided, the Court finds this was a good-faith, arm's-length negotiation.

9. At the hearing, the Court also learned that during discovery, and with some additional legal research around that time, Plaintiffs' counsel realized that their legal theory of liability faced some extremely difficult—and perhaps insurmountable—hurdles.[30] Plaintiffs' counsel candidly acknowledged this several times during the hearing.[31] After considering the facts and law at play in the case—especially the School District's applicable personnel policies, the salary schedule, and the Arkansas law that makes those things a binding part of contract with district employees[32]—the Court agrees with the assessment by Plaintiffs' counsel that the chance of success on any of Plaintiffs' currently pled claims was and is extremely low and approaching zero.[33]

10. Plaintiffs' counsel is not receiving attorneys' fees or costs in this matter.[34] The proposed Settlement Agreement does not include attorneys' fees or costs.[35] And Plaintiffs' counsel made clear they are not taking any fees or costs from Mr. Lamb, the opt-in Plaintiffs, the Defendants, or

---

[27] *Id.* at 11.

[28] *Id.*

[29] *Id.* at 41-43.

[30] *Id.* at 12.

[31] *Id.* at 12-16, 48.

[32] *See* ARK. CODE ANN. §§ 61-17-2301, 61-17-2304.  *See also* Exs. 7-10 to Final Fairness Hr'g (regarding the School District's applicable personnel policies, the salary schedule, and Arkansas law).

[33] *Id.*

[34] *Id.* at 11-12.

[35] *Id.* at 11.

4

anyone else.[36] This choice to not take fees appears to be directly related to the assessment by Plaintiffs' counsel (made during discovery and after further legal research) that the claims originally brought had a really low likelihood of success.[37]

11. Initially, the Court was concerned about the breadth of the Release of Claims contemplated in the proposed Settlement Agreement. The Court expressed that concern at the hearing.[38] However, the Parties have chosen to narrow the Release.[39] Under the revision, only non-excluded members of the FLSA collective—a group that will be entitled to monetary relief from the Settlement Agreement—will release (or waive) any of their rights to pursue a lawsuit against the District.[40] Rule 23 class members who are not part of the FLSA collective—and thus only receive injunctive relief in the proposed Settlement Agreement—are not releasing (or waiving) any of their rights to bring a lawsuit.[41] Moreover, the release (or waiver) for non-excluded FLSA collective members will only apply to the claims that were actually asserted in the lawsuit.[42] It will not apply to claims that could have been, but were not, asserted in the case, let alone claims that could not have been brought in the case.[43]

---

[36] *Id.* at 12.

[37] *Id.*

[38] *See id.* at 33.

[39] *Id.* at 54-55.

[40] *See id.*; Ex. 3 (Amend. Class Action and Collective Action Settlement Agreement and Release) to Second Suppl. to Mot. for Final Approval and Final Fairness Hr'g (Doc. 47-1) at 7.

[41] *Id.*

[42] Second Suppl. to Mot. for Final Approval and Final Fairness Hr'g (Doc. 47) at 1; Ex. 3 (Amend. Class Action and Collective Action Settlement Agreement and Release) to Second Suppl. to Mot. for Final Approval and Final Fairness Hr'g (Doc. 47-1) at 4.

[43] *Id.*

12. There are 176 opt-in Plaintiffs in the FLSA collective who have not excluded themselves from the proposed Settlement Agreement.[44] Under the proposed Settlement Agreement, the Defendants are providing a total of $30,000.[45] The non-excluded FLSA opt-in Plaintiffs will split this money equally, with each receiving approximately $170 dollars.[46] (The individual monetary award would have been about $156 per person if all the FLSA collective members agreed to stay in the Settlement.[47])

13. People who are members of the Rule 23 class but not the FLSA collective are receiving injunctive relief only.[48] The injunctive relief is a clarification in the contract language that more clearly explains the pay structure for bus drivers.[49] The Court notes that people who receive only injunctive relief are not releasing any of their rights to bring any claims.[50] The Court further notes that the administrative costs and burdens associated with attempting to distribute the settlement among Rule 23 class members (as opposed to the FLSA opt-in collective) would be very high proportionate to the small total settlement amount.[51] Indeed, the administrative costs and fees might actually burn through all or nearly all of the settlement figure.

14. Ms. Bishop's Objection is that the she "cannot see how . . . $156.25 covers the sum of 6 years of time not fully paid for."[52] She asks: "[a]pproximately an average of 4-10 hours a week,

---

[44] Ex. 3 (Amend. Class Action and Collective Action Settlement Agreement and Release) to Second Suppl. to Mot. for Final Approval and Final Fairness Hr'g (Doc. 47-1) at 5.

[45] *Id.* at 6.

[46] *Id.*

[47] Dec. 4, 2020 Hr'g Tr. at 51.

[48] Ex. 3 (Amend. Class Action and Collective Action Settlement Agreement and Release) to Second Suppl. to Mot. for Final Approval and Final Fairness Hr'g (Doc. 47-1) at 8-9.

[49] *Id.* at 6-7.

[50] Dec. 4, 2020 Hr'g Tr. at 33-34.

[51] *Id.* at 35.

[52] Obj. to Settlement by Meandy Bishop (Doc. 41) at 1.

8 months of each year, is supposed to be covered by $156.25?"[53] She believes the "sum is not a fair representation of [her] time" and devoted work during her employment.[54] The Court notes that Ms. Bishop's Objection fails to acknowledge or wrestle with the fact that the claims brought in this case had an extraordinarily low probability of success.

15. Ms. Cook's Objection argues that "the payment that the county wants to pay for the hours over 6 is not even .1 cent over the years that the driver has worked . . . ."[55] She says this is unfair. Like Ms. Bishop's Objection, Ms. Cook's Objection fails to acknowledge or wrestle with the fact that the claims brought in this case had an extraordinarily low probability of success.

16. John Lamb, the named Plaintiff, is entitled to (under the proposed Settlement Agreement) a service award of $500.[56] The Court expressed some concerns about the size of the award during the hearing.[57]

## LEGAL CONCLUSIONS

1. The twenty-one people who have requested exclusion from the Settlement Agreement and the Rule 23 class are entitled to exclusion. They are hereby excluded as they have requested.

2. The two written Objections are rejected and overruled. Consistent with the discussion in the Factual Findings section above, the Objections have not identified any unfairness in the Settlement Agreement or any other reason to stop this Settlement. The fatal flaw in the Objections is that they do not discount the potential monetary relief on their claims with any realistic notion

---

[53] *Id.*

[54] *Id.*

[55] Obj. to Settlement by Beverly Cook (Doc. 43) at 1.

[56] Ex. 3 (Amend. Class Action and Collective Action Settlement Agreement and Release) to Second Suppl. to Mot. for Final Approval and Final Fairness Hr'g (Doc. 47-1) at 9.

[57] Dec. 4, 2020 Hr'g Tr. at 22.

of chance of success.  The chance of success is so low here that any monetary relief is a boon to Plaintiffs.[58]

3.  The proposed Settlement Agreement is fair, reasonable, and adequate.  All the *Van Horn v. Trickey* factors counsel in favor of approving the settlement.[59]

4.  The single most important factor is a weighing of the merits of the Plaintiffs' case against the terms of the settlement.  The case at bar is an outlier in terms of just how low the Plaintiffs' chance of success was and is.  The chance of success was and is almost zero.  Plaintiffs' counsel pretty candidly acknowledged that their theory of liability was mistaken as a matter of law, and that they discovered this sometime after bringing the case.  The Court agrees with this assessment.  In light of this assessment, the settlement terms are more than fair to Plaintiffs.  The injunctive relief is fashioned specifically to rectify the potential confusion bus drivers face when evaluating their initial contract.  The relief helps potential drivers to better understand what their effective rate of pay will be.  That's likely more than Plaintiffs could have gotten under the law if they proceeded with their suit.  And the monetary relief to the FLSA opt-in collective, while low, is at least something.  Considering how weak the case is, a $30,000 settlement fund is more than fair.  The relief provided seems especially fair because those who got injunctive relief (but not money) have not given up anything at all in return for it.  The only people who released claims are those who got monetary relief and the only claims released were the (very likely) unmeritorious ones brought in this lawsuit.

---

[58] Additionally, the Court notes that one of the Objectors (Ms. Cook) has opted out of the Settlement Class.  *See* Ex. 1 (Opt-Outs) to Notice of Opt-Outs and Objs. And Mot. for Final Approval (Doc. 44-1) at 2.  She remains free to pursue litigation on this matter if she wants to do so and if the statute of limitations has not run.

[59] 840 F.2d 604, 607 (8th Cir. 1988) ("The district court must consider a number of factors in determining whether a settlement is fair, reasonable, and adequate: the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement.").

5. The Defendant's financial condition is a factor to be considered. The Court takes into account the Defendant's status as a public entity, and the public ramifications that would relate to an oppressive amount of settlement money. The Defendant can afford to pay this sum as a settlement (indeed, it could have afforded to pay more). But the Defendant could also have afforded to continue litigating; had it done so, it likely would have prevailed and Plaintiffs would have taken nothing. The Defendant's financial condition is either a neutral factor or slightly leans in favor of approving the proposed Settlement Agreement.

6. The complexity and expense of further litigation is a factor to be considered. In this case, if Plaintiffs were determined to continue, it is likely they would have had to amend their Complaint and bring different claims based on different facts. This might have necessitated a re-thinking of and more litigation about conditional certification and class certification. It may well have required additional and new discovery. In short, the road to success facing the Plaintiffs when settlement was negotiated was long, dark, and bumpy. Settlement for this amount was a reasonable alternative.

7. The amount of opposition to the proposed Settlement Agreement is another factor for consideration. Two people filed written oppositions. Twenty-one people excluded themselves from the Settlement Agreement and class. No one objected to the Settlement at the hearing. These numbers are fairly low compared to the overall FLSA collective pool (around 190 people) and the Rule 23 collective pool (300-400 people).[60] In the circumstances of this case, the Court does not see the level of opposition as particularly strong or indicative of a problem with the Settlement Agreement. This factor favors approving the Settlement Agreement.

---

[60] *See* Dec. 4, 2020 Hr'g Tr. at 30.

8. The Court notes that there is a distinction in the relief given to the Rule 23 class (injunctive relief) and the relief given to the FLSA collective (injunctive and monetary relief). The distinction is justified, especially considering that members of the Rule 23 class who are not opt-in members of the FLSA collective action are not releasing any claims at all. Also, it is not lost on the Court that trying to give monetary relief to the Rule 23 class would require a significant administrative process that would likely swallow most of the settlement funds. On the contrary, because FLSA members have already opted-in, it is far easier and less costly to identify them and to identify where their relief should be sent. Ultimately, the distinction between groups does not undermine the reasonableness or fairness of the Agreement.

9. The Court is okay with the $500 service award to Mr. Lamb. It does seem a little high, especially given that everyone agrees the claims were and are most likely unmeritorious. However, the Court accepts as persuasive the arguments of Plaintiffs' counsel that (1) much of the error can be attributed to counsel; and (2) it takes a fair deal of courage to come forth to sue one's employer on behalf of others.[61] $500 is not so high as to be unreasonable. It strikes a balance between incentivizing whistle-blowing and not incentivizing false accusations. And, certainly in the context of this case, it does not suggest any type of buying-off of the Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court rejects and overrules the two written Objections, excludes from the Settlement Agreement and class all twenty-one persons that requested such treatment, concludes that the Settlement Agreement is fair, reasonable, and adequate, and formally

---

[61] *Id.* at 23-24.

and finally approves the Settlement Agreement.[62] The case is DISMISSED with prejudice. The Court retains jurisdiction to enforce the Settlement Agreement.

IT IS SO ORDERED this 28th day of January 2021.

                                                    LEE P. RUDOFSKY
                                                    UNITED STATES DISTRICT JUDGE

---

[62] Ex. 3 (Amend. Class Action and Collective Action Settlement Agreement and Release) to Second Suppl. to Mot. for Final Approval and Final Fairness Hr'g (Doc. 47-1).